FILED
2018 Nov-27 PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2018 Nov-27  PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **ALEJANDRO TOMAS,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **Civil Action Number** |
| **BAYERISCHE MOTOREN WERKE AG, ET AL** | ) **5:17-cv-01664-AKK** |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Bayerische Motoren Werke AG's ("BMW AG") motion to reconsider the court's August 24, 2018 order denying its motion to dismiss. Doc. 30. Upon further review of the record and the Eleventh Circuit's recent ruling in *Waite v. All Acquisition Corp.*, 901 F.3d 1307 (11th Cir. 2018), the court finds that it erred in ruling that specific personal jurisdiction exists over BMW AG in Alabama. Doc. 29. Therefore, BMW AG's motion, doc. 30, is due to be granted.

### I. STANDARD OF REVIEW

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citations omitted). "[A] party may move for reconsideration only when one of the following has occurred:  an intervening change in controlling law, the availability

1

of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (citations omitted). Accordingly, motions to reconsider cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted). Nevertheless, district courts have discretion to reconsider their orders, *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010), and "reconsideration is appropriate to correct manifest errors of law or fact." *Gougler*, 370 F. Supp. 2d at 1189 (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the initial burden of alleging sufficient facts in the complaint to make a prime facie case for personal jurisdiction over a nonresident defendant." *See Meier ex rel. Meier v. Sun Intern. Hotels, Inc.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). "If the defendant submits affidavits or other evidence to contest jurisdiction, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction." *Smith v. Poly Expert, Inc.,* 186 F. Supp. 3d 1297, 1298 (N.D. Fla. 2016). When the supporting evidence provided by the parties conflict, the court must construe all reasonable inferences in favor of the plaintiff. *Id.*

2

## II. ANALYSIS

Alejandro Tomas filed this suit against BMW NA and its indirect parent company BMW AG seeking actual and punitive damages for an injury he sustained from an unexpected airbag deployment. Doc. 1. BMW AG sought to dismiss for lack of personal jurisdiction, doc. 16, which the court denied, doc. 29. In its motion for reconsideration, BMW AG argues that the court failed to apply (1) the "but-for" analysis to determine if Tomas's claims arise out of or relate to contacts between BMW AG and Alabama and (2) the "stream of commerce plus" test to determine if BMW AG purposefully availed itself to the privilege of conducting business in Alabama. Doc. 31 at 4-5, 9-11.

Basically, pursuant to its long-arm statute, "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000) (citing *Martin v. Robbins*, 628 So. 2d 614, 617 (Ala. 1993)). To determine whether the exercise of specific jurisdiction offends due process, the court must apply a three-part test examining whether: (1) Tomas has established that his claims "arise out of or relate to" at least one of the BMW AG's contacts with the forum; (2) Tomas has demonstrated that BMW AG has "purposefully availed" itself of the privilege of conducting activities within Alabama; and (3) BMW AG has made a "compelling case that the exercise of jurisdiction would violate traditional notions

of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). If Tomas is able to satisfy the first two prongs, the court then applies a "due process analysis" examining the "burden on [BMW AG], the interests of the forum state, and the [Tomas's] interest in obtaining relief." *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980).

**A. Whether Tomas's injury arises out of or relates to a contact between BMW AG and Alabama**[1]

With respect to the first prong, the Eleventh Circuit recently noted that although the Supreme Court has "imposed no explicit but-for causation requirement in either *Walden* or *Bristol-Myers Squibb*,"[2] the Court has also not "reject[ed] such a requirement." *Waite*, 901 F.3d at 1315. Consequently, the Eleventh Circuit ruled that it cannot disregard binding case law that is "closely on point and has been only *weakened*, rather than directly overruled, by the Supreme Court." *Id.* (emphasis in original). The Circuit held that the proper "jurisdictional analysis" must focus on the contacts the "defendant [itself] creates with the forum

---

[1] Courts have long recognized the splintered opinions about specific personal jurisdiction over foreign defendants. *See Hinrichs v. Gen. Motors of Canada, Ltd.,* 222 So. 3d 1114, 1140 (Ala. 2016), cert. denied, 137 S. Ct. 2291 (2017) (noting that "existing Supreme Court precedent on stream of commerce as a basis for specific jurisdiction is not a model of clarity"); *Hatton v. Chrysler Canada, Inc.,* 937 F. Supp. 2d 1356, 1365 (M.D. Fla. 2013) (noting that the Eleventh Circuit has applied but never explicitly adopted the "stream of commerce plus" test); *Waite,* 901 F.3d at 1315 (noting that the Supreme Court has not imposed nor rejected the "but-for" causation requirement).

[2] *Walden v. Fiore*, 571 U.S. 277, 278 (2014) (noting that the "proper question [for specific jurisdiction] is whether the defendant's conduct connects him to the forum in a meaningful way"); *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1776 (2017) (finding that non-California residents failed to allege specific jurisdiction over a pharmaceutical company because the company did not develop, create a marketing strategy, manufacture, or work on regulatory approval for the drug in California).

State" and "not the plaintiffs' contacts with the forum or even the defendant's contacts with the plaintiffs." *Id.* at 1316 (citing *Walden,* 571 U.S. at 284). In other words, "our inquiry must focus on the direct causal relationship among 'the defendant, the forum, and the litigation.'" *Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir. 2010) (quoting *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984)). And, in this Circuit, a tort "arise[s] out of or relate[s] to" the defendant's activity in a state only if the activity is a "but-for" cause of the tort. *Id.* (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009)).

Although he concedes that BMW AG has no direct contacts with Alabama, docs. 1 at 2; 27 at 8, Tomas contends that *Waites*, in which the plaintiff was injured in Massachusetts and the court found no jurisdiction in Florida, is inapplicable here because his "cause of action occurred and arose out of an accident he had in Alabama." Doc. 32 at 3. In support of his contention, Tomas submitted a picture of a vehicle plate indicating that BMW AG is the manufacturer of his vehicle and BMW AG's 2017 Annual Report which states that "17.2 million units of BMW passenger cars" are registered in the U.S. market. Docs. 27-3; 27-4. Moreover, Tomas maintains that he purchased his vehicle as a used car in Alabama and that BMW AG purportedly knew of his ownership in Alabama because he received several notices of an airbag recall. Docs. 27 at 1-2, 4; 27-2; 32 at 3-7. Thus, according to Tomas, the accident in Alabama, the purported targeting of the overall

5

United States market, and the airbag notice recall provides the necessary link between BMW AG, the forum state, and the tortious conduct for personal jurisdiction. Doc. 32 at 3. The court disagrees.

As an initial matter, even if Tomas is correct that BMW AG knew its car could end up in Alabama,[3] "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause," *Woodson*, 444 U.S. at 295, and the "mere injury to a forum resident is not sufficient connection to the forum." *Walden,* 571 U.S. at 278; *see also Hinrichs,* 222 So. 3d at 1136 (finding that plaintiff's "unilateral activity of [bringing the Sierra to Alabama, in which GM Canada did not participate] is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). Moreover, a "duty to warn" cannot be a basis for specific jurisdiction because "such a result would impermissibly allow the plaintiffs' choices—rather than defendant's contacts to drive the jurisdictional analysis." *Waite*, 901 F.3d at 1316. In other words, BMW AG's target of the broader United States market, the notices of recall it sent to Tomas, and Tomas's unilateral decision to purchase the vehicle in Alabama fail to demonstrate BMW AG's connection to Alabama in a "meaningful way." *Walden,* 571 U.S. at 278.

---

[3] BMW AG contends that it never designed or manufactured the car for the Alabama market because the subject BMW was "shipped to New Jersey" and "equipped with an additional 'Cold Weather Package' option which is more appropriate for Connecticut than Alabama." Docs. 28 at n.2; 28-1.

Therefore, in the absence of evidence "that any cause of action arose as a consequence" of BMW AG's acts of "operating, conducting, engaging in, or carrying on a business" in Alabama, *Kozial v. Bombardier-Rotax GmbH,* 129 F. App'x 543, 546 (11th Cir. 2005), Tomas's claim does not arise out of BMW AG's contacts with the Alabama. Consequently, Tomas fails to satisfy the first prong of the constitutional inquiry for specific jurisdiction, which is enough for the court to dismiss Tomas's claims against BMW AG for lack of personal jurisdiction. *See Brown v. Ford Motor Co.,* No. 3:18-CV-127-TCB, 2018 WL 5858123, at *2 (N.D. Ga. Nov. 9, 2018) (holding that the plaintiff failed to satisfy the first prong and the court had no specific jurisdiction over Ford Motor Company who designed and developed the car in Michigan but the subject vehicle was manufactured in Canada, initially sold to a resident at a New York dealership, then sold as a used vehicle to a Tennessee owner, and finally resold to a Georgia resident).

**B. Whether BMW AG purposefully availed itself to the privilege of conducting business in Alabama**

Although unnecessary, the court turns next to the second prong of the analysis, i.e. whether BMW AG has purposefully availed itself to the privilege of conducting business in Alabama. To begin, the court agrees with BMW AG that the court failed to apply the Eleventh Circuit "stream of commerce plus" test to determine whether BMW AG has purposefully availed itself to the privilege of conducting business in Alabama. Doc. 31 at 7-14. Indeed, the court in citing *J.*

*McIntyre* applied an incomplete test for "purposeful availment" and only required a showing that the defendant "targeted the forum" state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011). The court erred in finding that BMW AG's voluminous production of vehicles designed for the broader United States market was sufficient to meet this demonstration. Doc. 29 at 5-7.

Regardless of which stream of commerce test controls,[4] it remains clear that the "defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands, Inc.,* 593 F.3d at 1267. "[P]urposeful availment may be demonstrated if the defendant who placed the item into the stream of commerce engaged in additional conduct, such as designing the product for the forum state; advertising or marketing in that state; or establishing channels for providing advice to that state's residents." *Avendano-Bautista,* 2017 WL 6003080, at *2. Accordingly, Tomas must demonstrate facts sufficient to show that BMW AG "deliberately engaged in significant activities within [Alabama] or created continuing obligations with residents of that forum." *Diamond Crystal*

---

[4] *See, e.g., Quashie v. Olympus Am., Inc.*, 315 F. Supp. 3d 1329, 1338 (N.D. Ga. 2018) (noting that the Eleventh Circuit "has applied but not explicitly adopted" the more onerous "stream of commerce plus test."); *Avendano-Bautista v. Kimbell Gin Mach. Co.*, No. CV 116-108, 2017 WL 6003080, at *2 (S.D. Ga. Dec. 4, 2017) (noting that satisfying the narrowest test endorsed by the Supreme Court will demonstrate personal jurisdiction); *Smith*, 186 F. Supp. 3d at 1305 ("[A]ssuming that the stream-of-commerce test remains good law, [*J. McIntyre*] makes clear that a cause of action must arise out of a true stream, and not an eddy, in order to support the exercise of personal jurisdiction.").

*Brands, Inc.*, 593 F.3d at 1268. In other words, BMW AG's contacts with Alabama "cannot merely be random, fortuitous, or attenuated." *Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 F. App'x 871, 875 (11th Cir. 2018) (internal citations omitted).

Tomas has failed to make this showing. Instead, in response to BMW AG's unrebutted affidavit that it does not target the Alabama market, doc. 16-4, Tomas offers hypothetical evidence and asks the court to speculate that "7,400 BMW vehicles were sold in Alabama" between 2013 and 2017.[5] Doc. 27 at 5-6. However, even assuming that BMW AG has "undoubtedly derived substantial revenue from the sale of these products," this contention is still "conclusory and insufficient to sustain a finding of jurisdiction under the long-arm statute." *Askue*, 2012 WL 843939 at *4. *Cf. Johnson v. Chrysler Canada Inc.*, 24 F. Supp. 3d 1118 (N.D. Ala. 2014) (finding personal jurisdiction over Chrysler Canada in Alabama when the manufacturer "knew the exact location in the United States where each vehicle would be shipped" at time it made a vehicle).

Moreover, courts have consistently found that the stream for foreign manufacturers who submit their products into the broader United States' stream of commerce ends at the product's first sale. *See Hinrichs,* 222 So. 3d at 1137–38 (noting that the "it is undisputed that the stream of commerce for the Sierra ended

---

[5] Tomas asks the court to evenly divide the average number of cars BMW sold in the United States market between 2013 and 2017 among 50 states to assume that "approximately 7,400 BMW vehicles were sold in Alabama for each of those years." Doc. 27 at 5-6.

at its sale in Pennsylvania, approximately 1,000 miles from Alabama").[6] Critically, when a foreign defendant sells "its products to a distributor in the United States, and no sales were made by the defendant beyond that distributor," the court cannot exercise personal jurisdiction when only a "small number of [the products] wound up in the forum state." *Askue,* 2012 WL 843939 at *8 (citing *J. McIntyre*, 564 U.S. at 886). Therefore, because the record does not reveal the number of BMW AG manufactured cars that have wound up in Alabama or that BMW AG engaged in significant activities in Alabama, Tomas has failed to demonstrate that BWM AG has "purposefully avail[ed] itself of the market in the forum State." *Asahi,* 480 U.S. at 110. *See also Quashie,* 315 F. Supp. 3d 1329 (finding that the plaintiff "failed to establish the necessary requirement that [d]efendants placed the [product] into the stream of commerce with the expectation that the product would be purchased by consumers in Georgia, not just that the product could have some ill-defined consequence in Georgia").

---

[6] In support of its finding that "no caselaw…upholds specific jurisdiction where the stream of commerce for the product does not end in the forum state," the Alabama Supreme Court in *Hinrich* cited to a number of federal cases, including "*Johnson v. Chrysler Canada Inc.,* 24 F.Supp.3d 1118 (N.D. Ala. 2014) (finding specific jurisdiction where motor-vehicle accident happened in Alabama involving a Canadian manufactured vehicle sold in Alabama to Alabama resident and manufacturer knew vehicle was bound for Alabama when it was sold); *Rowland v. General Motors of Canada Ltd.,* No. 1:11CV183–SA–SAA (N.D. Miss. July 8, 2013) (finding specific jurisdiction where motor-vehicle accident happened in Mississippi involving vehicle manufactured in Canada and sold in Mississippi to Mississippi resident); and *King v. General Motors Corp.*, No. 5:11–cv–2269–AKK (N.D. Ala. April 18, 2012) (finding specific jurisdiction where motor-vehicle accident happened in Alabama involving vehicle manufactured in Canada and sold in Alabama to Alabama resident)." 222 So. 3d at 1140

## III. CONCLUSION AND ORDER

In light of Tomas's failure to satisfy the first two prongs of the personal jurisdictional analysis, the court "need not address whether the exercise of personal jurisdiction would violate the Due Process Clause." *See Prunty v. Arnold & Itkin LLP,* No. 18-10812, 2018 WL 4929504, at *2 (11th Cir. Oct. 11, 2018) (citing *Louis Vuitton*, 736 F.3d at 1350). Therefore, because BMW AG has demonstrated that personal jurisdiction does not exist, its motion for reconsideration, doc. 30, is **GRANTED**. Tomas's claims against BMW AG are **DISMISSED WITHOUT PREJUDICE**.

**DONE** the 27th day of November, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE